# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| **LINCOLN DIAGNOSTICS, INC.,** ) | | |
| an Illinois corporation, ) | | |
| Plaintiff, ) | | |
| v. ) | | Case No. 07-2077 |
| ) | | |
| **PANATRAX, INC.,** ) | | |
| a California corporation, ) | | |
| Defendant. ) | | |

# ORDER

In April 2007, Plaintiff, Lincoln Diagnostics, Inc., filed a Complaint (#1) against Defendant, Panatrex, Inc., alleging violations of the Lanham Act (15 U.S.C. § 1125(a)), the Illinois Uniform Deceptive Trade Practices Act (815 ILL. COMP. STAT. 510/1, *et seq.*), and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILL. COMP. STAT. 505/1, *et seq.*). The Court has federal subject matter jurisdiction based on federal question pursuant to 28 U.S.C. § 1331.

In May 2007, Lincoln filed a Motion To Strike Panatrex's Affirmative Defenses (#8). After reviewing the parties' pleadings and memoranda, the Court orders that Lincoln's Motion To Strike Affirmative Defenses **(#8)** be **GRANTED** in part and **DENIED** in part.

### I. Standard of Review

An affirmative defense admits the facts alleged in the complaint, and asserts some other reason why the defendant is not liable. *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983). Because it may be difficult to determine whether a particular matter should be raised as an affirmative defense or put in issue by a general denial, the pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). In *Instituto*, the court held that legal insufficiency does not constitute an affirmative defense under Federal Rule of Civil Procedure 8(c) because a true affirmative defense raises matters outside the scope of the plaintiff's *prima facie* case. *Instituto*, 576 F. Supp. at 991 (*citing* 2A Moore's Federal Practice ¶ 8.27 [4], at 8-260).

A motion to strike an affirmative defense may be granted if the defense is patently defective and could not succeed under any circumstances. *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). In addition, the Court may strike any affirmative defense that is insufficient, redundant, or immaterial. *Household Fin. Serv., Inc. v. Ne. Mort. Inv. Corp.*, No. 00C0667, 2000 WL 816795, *1 (N.D. Ill. June 22, 2000). Furthermore, "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Striking an affirmative defense on technical grounds does not prevent a party from arguing that defense later in the case. *Instituto*, 576 F. Supp. at 988.

Affirmative defenses are subject to the same general rules as other pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, a defendant must set forth a "short and plain statement" of the defense. FED. R. CIV. P. 8(a); *Bobbitt*, 532 F. Supp. at 737. Under this standard, generally pleaded defenses have been held sufficient as long as the pleading gives the plaintiff fair notice of the nature of the defense. *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996).

The preferred method for assessing a motion to strike an affirmative defense involves three steps. *Bobbitt*, 532 F. Supp. at 737. First, the court must determine whether the matter is appropriately pleaded as an affirmative defense. *Codest Eng'g*, 954 F. Supp. at 1245. Next, the court must determine if it is adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9. *Id.* Finally, any matter permitted to stand as an affirmative defense will be tested under a standard identical to Rule 12(b)(6) to determine its legal sufficiency. *Id.*

**II. Background**

Plaintiff's complaint alleges three counts against the Defendant. Plaintiff alleges that Defendant violated the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

Plaintiff has designed and manufactured skin test applicators for administering allergenic extracts with "considerable success" for over twenty years (#1, ¶ 8). Included in the applicators Plaintiff sells is a packaged line of disposable skin test applicators under the product names "Multi-Test®" and "Multi-Test® II" (#1, ¶ 8). Defendant markets and sells a line of disposable skin test applicators for administering allergenic extracts under the product names of "Quick-Test®" and "Sharp-Test®," which at times has been collectively marketed as the "Quanti-Test®" system (#1, ¶ 9).

In the February 2007 issue of *The Journal of Allergy and Clinical Immunology*, Defendant initiated an advertisement campaign for their products (#1, ¶ 12). The advertisement included claims about the product's capabilities and "FDA & CE" qualifications it has received (#1, ¶ 12). Plaintiff alleges that Defendant made remarks on a website regarding medical studies and the popularity of Defendant's products that may be misleading (#1, ¶¶ 13-16). Plaintiff asserts these actions violated the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act to the "harm, detriment and damage" of Plaintiff (#1, ¶ 11).

### III.  Discussion

Defendant filed its answer to Plaintiff's complaint, which included thirteen "affirmative defenses."  Defendant has listed all thirteen defenses under the single heading of "affirmative defenses," even though some of these defenses are not, in fact, actual "affirmative defenses." Instead, while some of the defenses are properly called affirmative defenses, others would be more appropriately characterized as Rule 12(b) defenses. Federal Rule of Civil Procedure 12(b) states that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading . . . ." Accordingly, the Court will not strike the defenses simply because they were inartfully depicted as "affirmative defenses."

### A. Defenses Stricken for Duplication of Denial

Federal Rule of Civil Procedure 12(f) states that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In its answer, Defendant denied some of Plaintiff's allegations. Some of the defenses essentially repeat those denials. Such practice is redundant; Defendant need not reiterate a denial by asserting it as a defense.

#### 1. Fourth Defense

Defendant's fourth defense asserts "[t]he audience for the referenced materials in purchasing wholesale allergy skin tests would be a very sophisticated audience that would [sic] is not likely to be mislead [sic] or confused by the statements" (#5, p. 22). However, Defendant already denied Plaintiff's allegations that "said publications" are misleading and likely to cause confusion (#1, ¶ 19; *cf.* #5, ¶ 19). The fourth defense simply restates Defendant's denial. Accordingly, the Court orders Defendant's fourth defense stricken.

#### 2. Ninth Defense

Defendant's ninth defense asserts "[t]here is no causal link between the challenged statements and any harm to the plaintiff" (#5, p. 22). However, Defendant already denied Plaintiff's allegations that "Lincoln has suffered, and continues to suffer, monetary damages as a result of Panatrex's violations of the Lanham Act" (#1, ¶ 23; *cf.* #5, ¶ 23). The ninth defense simply restates Defendant's denial. Accordingly, the Court orders Defendant's ninth defense stricken.

### B. Remaining Defenses

Federal Rule of Civil Procedure 8(b) provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted . . . ." Under this standard, generally pleaded defenses have been held sufficient as long as they give the plaintiff fair notice of the nature of the defense. *Codest Eng'g*, 954 F. Supp. at 1228. The Court finds that Defendant has

adequately pleaded the remaining defenses in accordance with the notice standard in that they apprise Plaintiff of the nature of the defense.  Thus, the Court denies the motion to strike all remaining defenses.

This case is at its beginning stage and all relevant information has yet to be revealed through discovery.  However, as the case proceeds, if Defendant should determine that it cannot validly assert a particular defense, the Court asks Defendant to withdraw that defense.

The Court notes that a number of the defenses would be more appropriately raised in the form of a motion to dismiss.  These include the first defense (failure to state a claim), tenth defense (improper venue), twelfth defense (lack of standing), and thirteenth defense (lack of personal jurisdiction).  As a practical matter, the Court cannot address the merits of those defenses unless they are raised in a motion to dismiss.  Accordingly, the Court encourages Defendant to file a motion to dismiss addressing the aforementioned defenses, or to withdraw them as soon as feasible if Defendant determines that they lack merit.

## IV.  Summary

For the reasons stated above, the Court **GRANTS** Lincoln's Motion To Strike Affirmative Defenses **(#8)** as to the fourth and ninth defenses and **DENIES** the motion as to the remaining defenses.

ENTER this 12th day of July, 2007.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE