**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **LINCOLN DIAGNOSTICS, INC.,** an Illinois corporation,  ) ) ) **Plaintiff,**  ) ) v.  ) **PANATREX, INC.,** a California corporation,  ) ) **Defendant.**  ) | Case No. 07-CV-2077 |

## OPINION

This case is before the court for ruling on Defendant's Motion for Reconsideration of Grant of Partial Summary Judgment (#57). This court has carefully considered the documents submitted by the parties and the arguments of the parties. Following this careful consideration, Defendant's Motion for Reconsideration (#57) is DENIED.

## BACKGROUND

On May 29, 2008, this court entered an Opinion (#52) in this case. In the lengthy Opinion, this court thoroughly detailed Defendant's failure to timely respond to written discovery, including Defendant's failure to provide any documents in response to Plaintiff's Requests for Production. This court also recounted the fact that Defendant's purported Response to Interrogatories, filed almost two months late, was deficient in numerous respects. This court further recounted the fact that Defendant refused to make any of the corporate representatives Plaintiff sought to depose available for depositions. In addition, this court concluded that Defendant's failure to respond in a timely manner to Plaintiff's Requests for Admission of Facts resulted in the admission of all the facts included in the requests. This court also noted that Defendant, in its two-page Response to the Motion for Partial Summary Judgment, did not specifically respond to any of the Undisputed

Material Facts listed by Plaintiff in its Motion, so that Defendant conceded Plaintiff's version of the facts. Based upon Defendant's admissions, this court granted Plaintiff's Motion for Partial Summary Judgment. In its Opinion (#52), this court also granted Defendant's counsel's Motion to Withdraw as Counsel. This court further stated that the case remained scheduled for a bench trial on August 25, 2008, at 9:00 a.m. solely on the issue of the proper and appropriate remedy to be awarded to Plaintiff.

FACTS

On June 27, 2008, Defendant, through new counsel, filed a Motion for Reconsideration of Grant of Partial Summary Judgment (#57) and a Memorandum in Support (#58).[1] Defendant argued that Defendant's former counsel failed to promptly respond to discovery and failed to advise Defendant "that if the discovery responses were not filed there would be dire consequences." Defendant argued that this "inadvertence or mistake by the defendant's former attorney" provided the basis for vacated this court's earlier entry of partial summary judgment. Defendant attached a copy of e-mails exchanged between Defendant's president, Ray L. Hsiao, and Defendant's former counsel, Michael Berns. In the e-mails, Defendant's former counsel stated that he had attached Plaintiff's Requests for Production and Interrogatories and, later, on February 11, 2008, asked Hsiao to provide responses to the interrogatories because "plaintiff's attorney is pushing to get them back." Defendant asked this court to vacate its order allowing the motion for partial summary judgment, reopen discovery and continue the trial date.

On July 2, 2008, Plaintiff filed a Memorandum of Law in Opposition to Motion for

---

[1] The Memorandum was mistakenly filed as a Motion. Accordingly, the clerk is directed to correct the docket to reflect the fact that Docket #58 is a Memorandum rather than a Motion.

Reconsideration (#61). Plaintiff argued that Defendant failed to proffer any valid reason for granting any of the relief sought by Defendant. Plaintiff pointed out that Defendant asserted that Defendant did not receive discovery requests from its prior counsel until December 5, 2007, but did not "explain the reason for [Defendant's] continued refusal to abide by applicable rules governing discovery following [Defendant's] admitted receipt of the Interrogatories and Production Requests on or about December 5, 2007."[2] Plaintiff argued that the neglect, whether by Defendant's former counsel or by Defendant, was not shown to be excusable so no basis exists for reconsidering this court's prior ruling.

On July 2, 2008, after Plaintiff's Memorandum was filed, Defendant filed a Motion for Leave to File Supporting Document (#62). Defendant stated that the attached declaration supported the motion for reconsideration "but was unavailable to then be attached" to the motion "due to the distance of the corporate representatives of [Defendant] from its attorneys." Defendant attached Hsiao's declaration, dated July 2, 2008. In the declaration, Hsiao stated:

> 3. I did not know until the court's order of May 29, 2008 that because of the failure of my attorney Michael Berns to respond to the request for admission of facts that partial summary judgment was entered against Panatrex on liability.
>
> 4. The requests for admission of facts was not sent to me until by e-mail on December 4, 2007. See attached Exhibit 1. I was not told there was a deadline of responding within 45 days after

---

[2] In its Opinion (#52), this court noted that, based upon the Discovery Order entered in this case which allowed 45 days to respond to written discovery requests, Defendant's responses were due on December 20, 2007.

>November 5 or that the court could enter partial summary judgment against Panatrex, Inc. if no timely response was served.
>
>5. I did not prepare the response that was prepared by and later served by Mr. Berns on February 7, 2008. See attached Exhibit 2.

Hsiao attached a copy of an e-mail sent by Attorney Berns on December 4, 2007, which stated that the Plaintiff's Requests for Admissions was attached. Hsiao also attached a copy of Defendant's Response to Requests for Admission of Facts which was served on February 7, 2008. Defendant also filed a Memorandum in Support (#63) which simply said that the declaration was not available at the time the motion was filed.

On July 8, 2008, Plaintiff filed a Memorandum of Law in Response to Motion for Leave to File Supporting Document (#64). Plaintiff noted that Defendant had a pattern of waiting until Plaintiff filed a response to a motion and then filing a declaration in support of the motion. Plaintiff further noted that Defendant provided no explanation, other than that the Hsiao declaration was not "available" when the motion was filed, for the late attempt to file the declaration. Plaintiff argued that the deficiencies in Defendant's Motion for Leave to File should result in denial of the motion. Plaintiff also argued, however, that allowing the filing of Hsiao's declaration provided no legal benefit to Defendant under the applicable law.

## ANALYSIS

Because Defendant filed its Motion for Reconsideration more than 10 days after this court entered its Opinion granting Plaintiff's Motion for Partial Summary Judgment, the Motion must be treated as a Motion under Rule 60(b) of the Federal Rules of Civil Procedure. See Easley v.

Kirmsee, 382 F.3d 693, 696 n.2 (7th Cir. 2004). Rule 60(b) gives the court authority to grant relief from a final judgment or order under certain circumstances including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In seeking relief, Defendant has relied on Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). Defendant argued that, based upon Pioneer, "[e]xcusable neglect therefore includes the failure to comply with filing deadlines attributable to negligence" and that "neglect by the attorney was excusable neglect as to the attorney's client."

This court agrees with Plaintiff that Defendant has misconstrued Pioneer and also agrees that the applicable case law does not support Defendant's request for reconsideration. In Pioneer, the United States Supreme Court was called upon to determine what constituted "excusable neglect" under Bankruptcy Rule 9006(b)(1). See Robb v. Norfolk & W. Ry. Co., 122 F.3d 354, 359 (7th Cir. 1997). However, the Court also discussed the meaning of the term "excusable neglect" as it is used elsewhere in the array of federal procedural rules, including Rule 60(b)(1) of the Federal Rules of Civil Procedure. Robb, 122 F.3d at 359. The Court in Pioneer stated that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer, 507 U.S. at 394; see also Robb, 122 F.3d at 359. The Court also stated that the determination of what amounts to "excusable neglect" is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

5

the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 395; Robb, 122 F.3d at 359.

The Court in Pioneer noted, however, that the Court of Appeals was incorrect when it suggested that it was inappropriate to penalize the respondents in that case for the omissions of their attorney. Pioneer, 507 U.S. at 396. The Court stated that the Court of Appeals erred when it "appeared to focus its analysis on whether respondents did all they reasonably could in policing the conduct of their attorney, rather than on whether their attorney, as respondents' agent, did all he reasonably could to comply with the court-ordered bar date." Pioneer, 507 U.S. at 396. The Court stated that it had "held that clients must be held accountable for the acts and omissions of their attorneys." Pioneer, 507 U.S. at 396. The Court ultimately concluded that the attorney's failure to file a claim before the deadline was excusable because of the "dramatic ambiguity" in the notice of the deadline. Pioneer, 507 U.S. at 398.

Following Pioneer, the Seventh Circuit recognized that district courts have discretion "to consider the equities and then determine whether a missed filing deadline attributable to an attorney's negligence is (or is not) 'excusable neglect.'" Robb, 122 F.3d at 359. However, courts have held that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Easley, 382 F.3d at 698, citing Robb, 122 F.3d at 360; Helm v. Resolution Tr. Corp., 84 F.3d 874, 878 (7th Cir. 1996); In re Plunkett, 82 F.3d 738, 742 (7th Cir. 1996); see also McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000). Moreover, Defendant is a "business firm, not a hapless individual, and it has to take responsibility for the actions of its agents, including the lawyers whom it hires." Tango Music, LLC v. Deadquick Music, Inc., 348 F.3d 244, 247 (7th Cir. 2003). "If the lawyer's neglect

protected the client from ill consequences, neglect would become all too common. It would be a free good." Tango Music, 348 F.3d at 247, quoting United States v. 8136 S. Dobson St., 125 F.3d 1076, 1084 (7th Cir. 1997). Accordingly, "[a]ttorney's actions are imputed to their clients, even when those actions cause substantial harm." Wade v. Soo Line R.R. Corp., 500 F.3d 559, 564 (7th Cir. 2007). "A litigant bears the risk of errors made by his chosen agent." Wade, 500 F.3d at 564, citing Pioneer, 507 U.S. at 396-97.

      This court thus agrees with Plaintiff that Defendant cannot rely on Pioneer for its arguments that "the failure to comply with filing deadlines attributable to negligence" is "excusable neglect" and that neglect by an attorney is "excusable neglect as to the attorney's client." Defendant must provide this court with some basis for finding that the failure of Defendant and its attorney to comply with the clear deadlines set by the court was excusable. Defendant has provided no such basis. Defendant's former counsel failed to provide timely responses to written discovery requests despite "clear and straightforward pretrial scheduling orders" which set out that such responses were due 45 days following service of the requests. See Easley, 382 F.3d at 699. No "reason for the delay" has been provided to this court. See Pioneer, 507 U.S. at 395. This court agrees with Plaintiff that the documentation provided by Defendant provides no explanation for the untimely responses. The documentation shows that Defendant's attorney did not provide Plaintiff's Requests for Admission of Facts to Defendant until December 4, 2007. At that time, there was still 16 days in which to timely respond. Hsiao also stated, in his affidavit, that Defendant's attorney did not advise him when the responses were due. This court agrees with Plaintiff that any lack of communication between Defendant and its counsel does not and cannot provide a basis for finding excusable neglect.

Based upon the record, Defendant's attorney certainly knew when responses to Plaintiff's written discovery requests, including its Requests for Admission of Facts, were due. Timely responses were not provided and, because no other explanation for Defendant's attorney's inaction has been provided, this court must conclude they were not provided due to inattentiveness. It is well settled that "inattentiveness" is not "excusable," see Easley, 382 F.3d at 698, and Defendant "must be held accountable for the acts and omissions of [its] attorney[]," see Pioneer, 507 U.S. at 396. The court in Easley stated:

> The trial judge was entitled to expect Easley and her counsel to comply with his clear and straightforward pretrial scheduling orders and filing deadlines, and when compliance was not forthcoming, the trial judge was empowered to end the litigation by ruling on the merits of the defendants' unopposed motions for summary judgment.

Easley, 382 F.3d at 699.

This court concludes that the situation here is similar to the situation in Easley, and the reasoning applied there is applicable here. Accordingly, this court concludes that it was well within its authority to grant Plaintiff's Motion for Partial Summary based upon Defendant's failure to timely respond to Plaintiff's Request for Admission of Facts and Defendant's failure to contest the Undisputed Material Facts included in Plaintiff's Motion. See Easley, 382 F.3d at 699. Defendant has provided no adequate basis for this court to reconsider that decision.

IT IS THEREFORE ORDERED THAT:

(1) The clerk is directed to correct the docket to reflect the fact that Docket #58 is a Memorandum rather than a Motion.

(2) Defendant's Motion for Leave to File Supporting Document (#62) is GRANTED. However, this court agrees with Plaintiff that the documents attached to the Motion provide no support for Defendant's Motion for Reconsideration based upon the applicable standard.

(3) Defendant's Motion for Reconsideration (#57) is DENIED.

ENTERED this 21st day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE