UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **LINCOLN DIAGNOSTICS, INC.,** an Illinois corporation, )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**PANATREX, INC.,** a California corporation, )<br>)<br>**Defendant.** ) | Case No. 07-CV-2077 |

### OPINION

This case is before the court for ruling on two motions filed by Plaintiff, Lincoln Diagnostics, Inc. This court has carefully considered the arguments of the parties and the documents submitted by the parties. Following this careful and thorough consideration, this court rules as follows: (1) Plaintiff's Motion for Reimbursement of Reasonable Expenses, Including Attorney's Fees (#80) is GRANTED; and (2) Plaintiff's Motion for Directions (#81) is GRANTED.

I. REASONABLE EXPENSES AND ATTORNEY'S FEES

On August 8, 2008, Plaintiff filed its Motion for Reimbursement of Reasonable Expenses, Including Attorney's Fees (#80). In its Motion, Plaintiff requested its reasonable costs, including attorney's fees, incurred in responding to Defendant's Motions for Protective Order. This court sets out the following facts which are relevant to the issues raised by Plaintiff's Motion

On May 29, 2008, this court entered a lengthy Opinion (#52). Among other things, this court concluded that Plaintiff had shown "that Defendant has failed to comply with discovery requests so that sanctions are warranted." This court therefore granted Plaintiff's Motion to Compel and Request for Sanctions. This court stated:

> Defendant is hereby ordered to respond fully and completely to the

> Interrogatories and Requests for Production served on it, in compliance with the Federal Rules of Civil Procedure, within 30 days of the date of this Opinion. Defendant is also ordered to produce for deposition corporate representatives who can provide information regarding Defendant's sales and other matters related to recovery and damages within 30 days of the date of this Opinion.

This court also gave Plaintiff 30 days to file an affidavit documenting the attorney's fees and costs it incurred as a result of Defendant's failure to respond to written discovery in a proper and timely manner. In addition, this court allowed Defendant's counsel to withdraw because there was no dispute that there were irreconcilable differences between Defendant and its counsel.

On June 9, 2008, Plaintiff filed its Affidavit (#53) regarding attorney's fees and related costs and sought a total of $2,242.67 in attorney's fees and costs from Defendant. On June 23, 2008, Attorney Paul E. Adami entered his appearance (#55) in this case as counsel for Defendant. Defendant then filed a Response (#56) to Plaintiff's request for attorney's fees and costs and a Motion for Reconsideration (#57) of parts of this court's Opinion. On June 30, 2008, Defendant filed a Motion for Protective Order (#59) and Memorandum in Support (#60). In this Motion, Defendant stated that it "would be a substantial hardship" for Dr. Rayling Hsiao, Defendant's president, to appear outside of his residence in Taiwan for a deposition, in part because of a degenerative disease in his left eye. Defendant stated that Dr. Hsiao had offered to appear by telephone for his deposition. On July 16, 2008, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Protective Order (#65). Plaintiff noted that this court did not order Defendant to produce Dr. Hsiao for deposition but, instead, ordered Defendant to produce a witness

to testify about Defendant's "sales and other matters related to recovery and damages." Plaintiff further stated that it believed that "the time for interposing objections to the deposition(s) – as ordered by the District Court – has long since expired."

On July 21, 2008, this court entered an Opinion (#66) which denied Defendant's Motion for Reconsideration and also entered an Order (#67) which ordered Defendant to pay Plaintiff $2,242.67 in attorney's fees and costs. On July 21, 2008, Plaintiff filed a Motion for Sanctions Including Finding of Contempt (#68) and Memorandum in Support (#69). Plaintiff argued that sanctions were warranted because Defendant had not complied with this court's order that Defendant fully comply with discovery requests within 30 days of the date of the May 29, 2008 Opinion. On July 29, 2008, Defendant filed a Second Motion for Protective Order (#71) and Memorandum in Support (#72). Defendant asked this court for an order which prohibited Plaintiff from obtaining customer lists and other documents containing the names of Defendant's customers because Defendant contended sales documents regarding Defendant's customer list was a "trade secret." On July 30, 2008, Plaintiff filed a Second Motion for Sanctions (#73) stating that Defendant has acted in a contumacious manner by its "continued and open refusal" to comply with this court's order. On July 31, 2008, Plaintiff filed a Memorandum in Opposition to Defendant's Second Motion for Protective Order (#76). Plaintiff argued, among other things, that Defendant's "failure to interpose timely objections to the Requests for Production constitutes waiver of any such objections." Plaintiff also stated that Defendant "remains defiant in its refusal to produce any information related to sales of the Panatrex Products."

On July 31, 2008, Magistrate Judge David G. Bernthal held a hearing regarding Defendant's first Motion for Protective Order (#59). Defendant indicated that Dr. Hsiao could not appear for a

deposition in Illinois, but did intend to come to Illinois and testify at trial. Plaintiff stated that it did not care who Defendant produced for deposition as a corporate representative, in compliance with this court's order, but that anyone who would not appear for a deposition could not appear for trial. After hearing argument, Judge Bernthal denied Defendant's Motion for Protective Order (#59).

On August 5, 2008, the date originally scheduled for a final pretrial conference in this case, this court held a hearing. This court agreed with Plaintiff that it was much too late for Defendant to make a claim that any documents requested by Plaintiff were privileged and denied Defendant's Second Motion for Protective Order (#71). This court then directed Defendant to produce certain requested documents by August 12, 2008, and scheduled the deposition of Dr. Hsiao for August 25, 2008, at 10:00 a.m. at the U.S. Courthouse.[1] This court then continued the final pretrial conference to August 25, 2008, and vacated the bench trial scheduled on that date.

On August 8, 2008, Plaintiff filed its Motion for Reimbursement of Reasonable Expenses, Including Attorney's Fees (#80). Plaintiff is seeking the attorney's fees and expenses it incurred in responding to Defendant's Motion for Protective Order (#59) and Second Motion for Protective Order (#71). On August 25, 2008, Defendant filed its Response in Opposition to Plaintiff's Motion (#83). Defendant argued that Plaintiff's Motion should be denied because its Motions for Protective Orders (#59, #71) were "substantially justified." This court does not agree with Defendant.

Rule 37(a)(5)(B) provides that, when a motion for protective order is denied, this court "must" require the party or attorney who filed the motion to pay the party who opposed the motion "its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ.

---

[1] As recounted below, Dr. Hsiao did appear on that date and his deposition was completed.

P. 37(a)(5)(B). However, a court must not order this payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Seventh Circuit has recognized that this rule "presumptively requires every loser to make good the victor's costs." <u>Rickels v. City of South Bend, Ind.</u>, 33 F.3d 785, 786 (7th Cir. 1994); <u>Steadfast Ins. Co. v. Auto Marketing Network, Inc.</u>, 1999 WL 446691, at *1 (N.D. Ill. 1999). "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party of obtain such an award." <u>Steadfast Ins. Co.</u>, 1999 WL 446691, at *1.

In this case, the record shows that Defendant has exhibited a "pervasive course of conduct . . . that can only be described as calculated to frustrate legitimate discovery." <u>See</u> <u>Steadfast Ins. Co.</u>, 1999 WL 446691, at *2, <u>quoting</u> <u>Ill. Tool Works, Inc. v. Metro Mark Prods. Ltd.</u>, 43 F. Supp. 2d 951, 959 (N.D. Ill. 1999). This "pervasive course of conduct" was continued when Defendant filed Motions for Protective Order, which were found without merit and denied, instead of complying with this court's clear order of May 29, 2008. This court concludes that Defendant has fallen far short of meeting its burden to show that the motions were "substantially justified." This court specifically rejects Defendant's assertion that objections to requests to produce are not waived by failing to assert a timely objection. <u>See</u> Fed R. Civ. P. 34(b) (the "party to whom the request [for production of documents] is directed must respond in writing [including objections] within 30 days after being served." This court therefore concludes that Plaintiff is entitled, under Rule 37(a)(5)(B), to recover its reasonable expenses, including attorney's fees, that it incurred in responding to Defendant's Motions for Protective Order.

II.  MOTION FOR DIRECTIONS

5

On August 21, 2008, the clerk's office in Urbana received a letter from Dr. Hsiao addressed to Pamela E. Robinson, the Clerk of the Central District of Illinois, which stated that a certified copy was being sent to Plaintiff's counsel, James E. Peckert, and Defendant's attorney, Mr. Adami. The letter was dated August 18, 2008, and was signed "Ray Ling Hsiao, Panatrex, Inc." In the letter, Dr. Hsiao stated that he was sending an e-mail book and a demo DVD to the court. Dr. Hsiao did, in fact, enclose an e-mail book and demo DVD. Mr. Adami subsequently called the clerk's office and asked that the documents not be filed.

On August 22, 2008, Plaintiff filed a Motion for Directions (#81) and Memorandum of Law in Support (#82). Plaintiff stated that Dr. Hsiao had sent a copy of the e-mail book to Mr. Peckert, along with a letter addressed to Mr. Peckert. Plaintiff attached a copy of the letter and the affidavit of its attorney, Mr. Peckert. Plaintiff stated that the e-mail book was contained inside an "EAMA Speedpost International Express Mail Service" envelope, addressed to Plaintiff's counsel. Plaintiff stated that this envelope contained an interior envelope addressed to Plaintiff's counsel with a notation of the telephone number of Plaintiff's counsel. The e-mail book contained e-mail communications between Defendant's prior attorney and Dr. Hsiao during the pendency of this litigation. Plaintiff argued that Defendant intentionally sent the communications to Plaintiff's counsel and thereby waived any otherwise applicable privilege. Plaintiff asked this court to enter an order finding that Defendant lacks any viable claim of privilege for the documents sent to Plaintiff's counsel.

On August 25, 2008, this court received a letter from Dr. Hsiao, sent by fax, in which he, among other things, provided an explanation regarding why he sent the e-mail book and demo DVD to the court clerk. Dr. Hsiao stated that he wanted this court to rule regarding his claim that his prior

counsel engaged in "uncommon behaviors."

A hearing was held before this court on August 25, 2008, Attorney Peckert appeared on behalf of Plaintiff and was accompanied by Gary Hein, Plaintiff's CEO. Attorney Adami appeared on behalf of Defendant. He was accompanied by Dr. Hsiao and Kevin Kuo, Defendant's Sales Manager. At the hearing, this court returned the e-mail book and demo DVD to Attorney Adami. This court made the letter Dr. Hsiao sent to Pamela E. Robinson (#84) and Dr. Hsiao's fax to this court (#85) part of the court record so that the record would be complete regarding Plaintiff's Motion for Directions (#81). This court stated:

> And much of this I find very unfortunate because Dr. Hsiao has, is not - - this is not the first time he's been in this courtroom. It's not the first time he's had litigation in this courthouse. I don't know about other districts, but this is not his first time in this district or before me or in this court; and, certainly, he's had several lawyers in the United States District Court, Central District, representing him. So I would have hoped that by now with that litigation in the past and present that he would know that it's inappropriate for someone represented by counsel to contact the Court.

This court also reminded Dr. Hsiao that it is the corporation, Panatrex, which is a party to this case, not Dr. Hsiao, the individual. This court further reminded Dr. Hsiao that the court cannot respond to a letter sent by a litigant who is represented by counsel. This court also made the following statement, directed to Dr. Hsiao:

> Well, I'll make it clear. Please don't send any documents to

>   the Court, to the Clerk of the Court, or to Mr. Peckert; and I'm sure you've been given that advice. But I'm telling Dr. Hsiao that on the record.

This court then gave Attorney Adami until September 8, 2008, to respond to Plaintiff's Motion for Directions (#81) and gave Plaintiff until September 15, 2008, to file a Reply. This court took this very serious matter under advisement. The hearing was recessed for Plaintiff to take the deposition of Dr. Hsiao. After Dr. Hsiao's deposition was completed, the hearing was reconvened and a status conference was scheduled for September 22, 2008, at 1:30 p.m.

Despite this court's repeated admonitions, on September 9, 2008, Dr. Hsiao faxed four documents to the clerk's office for the Central District of Illinois, Urbana Division. This court entered an Opinion (#91) on September 10, 2008, and ordered these documents (#87, #88, #89, #90) STRICKEN.

On September 8, 2008, Defendant filed its Response to Plaintiff's Motion for Directions (#86). Defendant stated that the document at issue is a book entitled "E Mail Book Between Mr. Berns and Dr. Hsiao From May 11, 2007 to August 4, 2008, 255 pages." Defendant stated that the book contains e-mail communications between Defendant's prior attorney and Defendant's president during the pendency of this litigation. Defendant argued that the e-mail book was sent "inadvertently" to Plaintiff's attorney and contained e-mails subject to attorney-client privilege and work product privilege. Defendant argued that this court should enter an order directing Plaintiff's attorney to return the e-mail book to Defendant.

On September 10, 2008, Plaintiff filed its Reply to Defendant's Response to Plaintiff's Motion for Directions (#92). Plaintiff argued that Defendant did not tender the subject documents

to Plaintiff's counsel, and to the court, by accident or inadvertence. In fact, the record shows that Dr. Hsiao intentionally sent the e-mail book to Plaintiff's counsel and to the clerk of this court. Plaintiff also argued that this is not a situation where materials were sent to Plaintiff's counsel and the tender included privileged materials which were not meant to be included. Plaintiff further pointed out that, as of the present date, Defendant "has continued its campaign of inundating the District Court with pleadings and materials tendered by [Dr. Hsiao], despite having been admonished repeatedly that [Defendant] may appear before the District Court only by counsel admitted to practice law before the District Court." Plaintiff further pointed out that Defendant "has been repeatedly admonished that it could not tender documents to the District Court without participation by legal counsel."

Rule 26(b)(5)(B) provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim must notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Defendant has argued that, based upon this rule, the materials at issue here must be returned, destroyed or sequestered. However, "Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production." Fed. R. Civ. P. 26(b)(5), Advisory Committee Notes (2006 Amendment). Defendant has argued that the privilege was not waived because the disclosure was inadvertent. Defendant relies on the factors set out by the Seventh Circuit in Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371 (7th Cir. 2008). The Seventh Circuit set out the following "balancing approach" to consider in determining waiver when documents were inadvertently produced: "(1) the reasonableness of the precautions taken to prevent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." Judson Atkinson Candies, 529 F.3d at 388-89, quoting Harmony Gold U.S.A., Inc. v. FASA Corp., 169 F.R.D. 113, 116-17 (N.D. Ill. 1996).

      This court agrees with Plaintiff that these factors cannot be applied in this case because the documents were not inadvertently produced. This case involves a very unique and unusual situation which is not squarely addressed by Rule 26(b)(5)(B) or the case law cited by Defendant. The record clearly shows that Dr. Hsiao intentionally sent the e-mail book to this court and to Plaintiff's counsel and explained to this court in his faxed letter that he did so in order to get a ruling from this court as to his prior counsel's "uncommon behaviors." Dr. Hsiao sent the e-mail book even though he had been told, in this litigation, that he cannot file anything on behalf of Defendant and cannot represent Defendant, which must be represented by counsel. This court assumes that Dr. Hsaio has also been advised of this fact by his prior counsel and current counsel. Indeed, during the discussion of the e-mail book on August 25, 2008, this court again admonished Dr. Hsiao, in very clear terms, that

he cannot send documents to this court. Despite this admonishment, Dr. Hsiao sent documents to this court on September 9, 2008, which this court has stricken.

This court concludes that Dr. Hsiao's complete unwillingness to comply with simple instructions and intentional defiance of those instructions must have some consequences. Because the record is clear that Dr. Hsiao intentionally sent the e-mail book to Plaintiff's counsel, this court concludes there is no basis for ordering the return of the e-mail book to Defendant.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Reimbursement of Reasonable Expenses, Including Attorney's Fees (#80) is GRANTED. Plaintiff is allowed 30 days to submit an affidavit documenting the attorney's fees and costs Plaintiff incurred in responding to Defendant's Motion for Protective Order (#59) and Second Motion for Protective Order (#71). This should include the time spent by Plaintiff's counsel at the hearings held on the Motions. Defendant is allowed 14 days to file objections to Plaintiff's request for attorney's fees and costs.

(2) Plaintiff's Motion for Directions (#81) is GRANTED. This court finds that Defendant lacks any viable claim of privilege for the e-mail book intentionally sent to Plaintiff's counsel by Dr. Hsiao. Accordingly, Plaintiff need not return or safeguard the documents included in the e-mail book.

(3) This case remains scheduled for a telephone status conference on September 22, 2008, at 1:30 p.m.

(4) Plaintiff's Motions for Sanctions (#68, #73) remain pending. Prior to ruling on the pending Motions, this court will inquire at the telephone status conference as to whether Defendant has completely complied with this court's May 29, 2008 order directing full compliance with written

discovery.

ENTERED this 16th day of September, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE