**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

---

**LINCOLN DIAGNOSTICS, INC., an
Illinois corporation,**

        **Plaintiff,**

    v.                                      **Case No. 07-CV-2077**

**PANATREX, INC., a California corporation,**

        **Defendant.**

## OPINION

This case is before the court for ruling on the Motion in Limine (#115) filed by Plaintiff, Lincoln Diagnostics. Defendant, Panatrex, Inc., has filed its Response (#120). This court has carefully considered the arguments of the parties and the documents filed by the parties. Following this court's careful and thorough consideration, Plaintiff's Motion in Limine (#115) is DENIED in part and GRANTED in part.

### BACKGROUND

On February 18, 2009, this court entered an Opinion (#118) in this case. This court first noted that this case has had a lengthy and tortured history in this court and that the record showed that Defendant, through its president, Dr. Ray L. Hsiao, had made every effort to avoid providing information to Plaintiff. This court then, following a careful analysis of the history of the case and the issues raised, granted Plaintiff's Motions for Sanctions (#68, #73) and ordered Defendant to pay Plaintiff all of the attorney fees and costs it has incurred as a result of Defendant's failure to comply with this court's Opinion (#52). This court also confirmed that all facts described within Plaintiff's Request for Admission of Facts are deemed admitted and that judgment as to liability has been granted in favor of Plaintiff and against Defendant. This court also stated that, at the bench trial on

damages scheduled for March 23, 2009, Defendant will not be allowed to present any evidence relevant to the issue of liability and will not be allowed to present any evidence on damages which was not fully disclosed to Plaintiff in discovery.

This court also granted Plaintiff's Motion to Bar Contradictions to Deposition and for Sanctions (#104). This court noted that, at the deposition taken on August 25, 2008, there were numerous questions that Dr. Hsaio was unable to answer and that Dr. Hsiao subsequently signed an *errata* sheet, dated October 7, 2008, which set out several pages of changes to the deposition transcript. This court found that Dr. Hsiao was inadequately prepared for the Rule 30(b)(6) deposition and, therefore, attempted to change his deposition answers by way of the *errata* sheet. This court agreed with Plaintiff that sanctions should be imposed on Defendant for designating a corporate representative for deposition who was not prepared for the deposition and was unable to offer useful information on many subjects during the deposition. This court stated that the appropriate sanction was to bar Dr. Hsiao from contradicting or changing the answers given at the deposition. This court also concluded that Plaintiff was entitled to the expenses and attorney fees it incurred in bringing its motion regarding the deposition.

## ANALYSIS

On February 13, 2009, Plaintiff filed its Motion in Limine (#115). Plaintiff set out in detail Defendant's failure to adequately respond to Plaintiff's Interrogatories and Requests for Production of Documents. For example, Plaintiff recounted that Defendant provided a demonstrably false answer to one of Plaintiff's Interrogatories, had destroyed documents responsive to Plaintiff's Requests for Production and had refused to produce a document responsive to the Requests for Production. Plaintiff also again recounted the fact that Dr. Hsiao was not adequately prepared for

the deposition taken on August 25, 2008, and then tried to change many of his answers by way of an *errata* sheet. Plaintiff asked this court to enter an order barring Defendant from presenting any evidence at trial because of Defendant's repeated and contumacious misconduct in connection with discovery in this case. In the alternative, Plaintiff asked this court to enter an order limiting the evidence Defendant can present at trial. Specifically, Plaintiff asked that an order be entered barring Defendant from presenting evidence at trial which had not been produced until long after the expiration of timely production. Plaintiff also requested an order barring Dr. Hsiao from proffering any non-lay opinion testimony because any such opinions have not been disclosed.

On February 27, 2009, Defendant filed its Response to Motion in Limine (#120). Defendant provided numerous self-serving excuses for its failure to provide adequate, and timely, responses to Plaintiff's discovery requests. For example, Defendant acknowledged that sale order forms were destroyed after Defendant was served with Plaintiff's Interrogatories and Requests for Production of Documents. Defendant stated, however, that "sale order forms have always been destroyed in the ordinary course of business." Defendant also stated that the "sale order forms did not contain any information of substance different from the over 2000 invoices which were produced" and that Plaintiff failed "to state the relevancy of any alleged missing information or how it was prejudiced." Defendant also acknowledged that Dr. Hsiao stated at the deposition taken on August 25, 2008, that he was not going to produce a document responsive to Plaintiff's Requests for Production because he did not want Plaintiff to have the document. Defendant stated, however, that it did eventually produce this document. Defendant asked that Plaintiff's Motion in Limine be denied.

Defendant has completely failed to persuade this court that an order limiting the evidence it can present at trial is not warranted in this case. This court notes that there is no way for this court

to know that the destroyed documents did not contain "information of substance" different from documents which were produced. And it is obviously impossible for Plaintiff to show the "relevancy of any alleged missing information." This court further notes that a party cannot refuse to provide a document which is responsive to a request for production because it does not want to produce it. The fact that the document is eventually produced many months later does not change this fact. Therefore, this court concludes that Plaintiff has shown that an order limiting the evidence Defendant can present at trial is warranted and must be entered.

This court, however, declines to enter an order completely prohibiting Defendant from presenting any evidence at trial. Therefore, the portion of Plaintiff's Motion in Limine requesting this relief is DENIED. This court will enter an order limiting the evidence Defendant can present so the portion of Plaintiff's Motion in Limine requesting this relief is GRANTED. This court notes that it has already ordered that Defendant can only present evidence relevant to the issue of damages, because liability in favor of Plaintiff has already been determined. This court has also already ordered that Defendant cannot present any evidence at trial that it did not provide to Plaintiff in discovery. In addition, this court previously ordered that Defendant could not change answers given during the deposition held on August 25, 2008.

This court concludes that further limitations on the evidence Defendant can present are warranted based upon Defendant's conduct in this case. This court notes that, at a status conference held on August 25, 2008, Plaintiff's counsel requested a "drop dead" date for producing responses to discovery so that any discovery produced by Defendant following that date could not be used by Defendant at trial. This court agreed and set a discovery production deadline of September 19, 2008. This court subsequently, on September 22, 2008, set a new discovery response date of November

4

7, 2008. However, this court now orders that any documents relevant to the issue of damages that Defendant did not produce prior to the "drop dead" date set of September 19, 2008, cannot be presented by Defendant at trial. This court further orders that Defendant cannot present testimony regarding any matters which were asked about at the deposition taken on August 25, 2008, and for which no answer was given. Also, as previously ordered, Defendant cannot present testimony which contradicts the answers given at the deposition. This court also agrees with Plaintiff that Dr. Hsiao should be barred from presenting any non-lay opinion testimony because any such opinions have not been disclosed to Plaintiff.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion in Limine (#115) is DENIED in part and GRANTED in part.

(2) This court denies Plaintiff's request to bar Defendant from presenting any evidence at the bench trial on damages due to its failure to timely and adequately respond to discovery. This court grants Plaintiff's request to limit Defendant's ability to present evidence at trial due to its failure to timely and adequately respond to discovery. The limitations are as follows: (1) Defendant will not be allowed to present any evidence which is relevant to the issue of liability; (2) Defendant will not be allowed to present any evidence regarding the issue of damages which was not disclosed to Plaintiff prior to September 19, 2008; (3) Defendant will not be allowed to present testimony regarding any matters which were asked about at the deposition taken on August 25, 2008, and for which no answer was given; (4) Defendant will not be allowed to present testimony which contradicts the answers given at the deposition; and (5) Defendant will not be allowed to present any non-lay opinion testimony from Dr. Hsiao.

(3) This case remains scheduled for a final pretrial conference on March 13, 2009, at 1:30 p.m. and a bench trial on damages on March 23, 2009, at 9:30 a.m.

(4) Plaintiff's Motion for Attorney Fees (#114) remains pending and will be resolved

following the bench trial.

ENTERED this 11th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE