UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

LINCOLN DIAGNOSTICS, INC., an )
Illinois corporation,                         )
                                              )
                    Plaintiff,                )
          v.                                  )    Case No. 07-CV-2077
                                              )
PANATREX, INC., a California corporation,     )
                                              )
                    Defendant.                )

## OPINION

This case is before the court for ruling on various motions filed by the parties and for a final award of attorney's fees to Plaintiff, Lincoln Diagnostics, Inc. Following this court's careful and thorough consideration of the arguments of the parties, this court rules as follows: (1) the Motion for Partial Stay of Injunction (#155) and Rule 59(e) Motion to Alter or Amend a Judgment (#157) filed by Defendant, Panatrex, Inc., are DENIED; (2) Plaintiff is awarded attorney's fees in the total amount of $133,904.35; (3) Plaintiff's Motion to Strike Declaration of Paul E. Adami and Motion for Sanctions (#163) is GRANTED; and (4) Defendant's Motion to Suspend Finality of Judgment on the Merits Pending Decision of Attorney's Fee Motion (#156), Motion to Withdraw Motion for Partial Stay of Injunction (#166), Motion for Leave to File Reply (#168), and Motion to Waive Requirement for Filing of Memorandum of Law (#169) are DENIED as moot.

## BACKGROUND

A bench trial was held in this case on March 23 and 24, 2009. This court had previously, on May 29, 2008, entered summary judgment in favor of Plaintiff on the issue of liability. The bench trial was held solely on the issue of the appropriate remedy to be awarded to Plaintiff. Following the bench trial, the parties filed Memoranda with the court and numerous motions. On September 16, 2009, this court entered an Opinion (#152). This court ruled on all pending matters

and Judgment (#153) was entered in favor of Plaintiff and against Defendant. As part of this court's ruling, this court determined that Plaintiff was entitled to the entry of a permanent injunction and all of the attorney's fees it had incurred in this case. Plaintiff was allowed 30 days to file an affidavit setting out the total amount of attorney's fees incurred. Defendant was allowed 14 days to file any objections to the amount of the fees requested.

As for the injunction, this court ordered that Defendant, and any entity acting on Defendant's behalf, is permanently enjoined from making any of the following claims in any form of advertising, including in package inserts in Defendant's products: (1) that its products have approval or qualification by the FDA; (2) that the price for Defendant's Quanti-Test® system is 50-70% less than Defendant's major competitor; (3) that the use of Defendant's products, due to a "unique patented design[,]" permit excess allergen to be wiped out and flow back to the well permitting savings in the cost of allergens, and use of Defendant's products may save about 50% of the user's cost; (4) that the Quick-Test® applicator can limit the puncture depth within 0.3-0.4 mm. thereby preventing false positive results and being more accurate; (5) that, to ensure quality control, the prong of each Quanti-Test® device is checked by a magnifier glass prior to packaging; (6) that false positive results can be easily avoided by use of Defendant's products; (7) that Defendant possesses a clinical study to prove that Defendant's products are more accurate and that Defendant's products are subject to low false negative results by use of the Carr study; (8) that Defendant's products are "the" and/or "a" most popular skin test device in the world; (9) that use of Defendant's products can result in a reduced cost without any reduction in efficacy; (10) that Defendant's products include a cap sealing structure which protects allergens from contamination; and (11) that Defendant's products provide protection not offered by competitive products in avoiding the introduction of unwanted amounts of 1000X allergens into a patient's dermis layer to avoid false positive results.

DEFENDANT'S POST-JUDGMENT MOTIONS

1. PARTIAL STAY

On September 30, 2009, Defendant filed a Motion for Partial Stay of Injunction (#155). Defendant stated that the court, in its Opinion, found that Defendant's package insert was subject to the injunction. Defendant further stated that "[a]lteration of the package insert requires approval from the Food and Drug Administration." Defendant attached the Declaration of its president, Ray Ling Hsiao, in which Dr. Hsiao stated that this statement is "true and correct." Defendant asked this court to stay the portion of the judgment which would enjoin the use of the package insert currently being used "until such time as the new package insert is approved by the Food and Drug Administration."

On October 9, 2009, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Partial Stay of Injunction (#160). Plaintiff pointed out that Defendant did not file a supporting memorandum of law. Plaintiff then argued that, although Defendant's Motion is not entirely clear, Defendant appeared to be seeking permission from this court to continue use of its present package insert until such time as the Food and Drug Administration (FDA) "approves" a proposed package insert in "substitution" for the present package insert which includes claims found false and misleading by this court no later than May 29, 2008. Plaintiff argued that it therefore appeared that Defendant delayed any revision to its admittedly false and misleading marketing statements notwithstanding this court's determination of Defendant's liability under the Lanham Act and the Illinois Uniform Deceptive Trade Practices Act on May 29, 2008. Plaintiff noted that Defendant provided no reason or explanation for its delay in acting to modify its package insert following this court's entry of summary judgment in favor of Plaintiff. Plaintiff also noted that it was unable to locate any statutory or regulatory provision which provided that FDA approval was

required for modification of Defendant's package insert. Plaintiff stated that "[m]ore importantly, it appears inappropriate for the District Court to be asked to authorize the continued use of false and misleading marketing claims by [Defendant] without any regard to the diligence displayed by [Defendant] in correcting or modifying such claims."

This court agrees with Plaintiff that Defendant has had more than ample time to modify its package insert to remove claims found false and misleading. In addition, Defendant has provided no citation to any authority in support of its claim that it cannot modify its package insert without first obtaining approval from the FDA. Accordingly, Defendant's Motion for Partial Stay of Injunction (#155) is DENIED.

## 2. ALTER OR AMEND JUDGMENT

On September 30, 2009, Defendant filed a Rule 59(e) Motion to Alter or Amend a Judgment (#157) and a Memorandum in Support (#158). Defendant argued that this court did not adequately consider the public interest when it entered its judgment granting a permanent injunction. Defendant also argued that this court should not have based its award of attorney's fees on Defendant's discovery responses, contending that discovery differences were resolved at least seven months prior to trial. Defendant also asked this court to reduce any attorney's fees awarded to Plaintiff based upon its lack of success as to some of its requests for relief. Defendant further contended that this court should consider Defendant's financial condition in any award of attorney's fees.

On October 9, 2009, Plaintiff filed its Memorandum of Law in Opposition to Defendant's Motion to Alter or Amend Judgment (#161). Plaintiff argued that Defendant had not shown that it was entitled to any relief from this court's judgment. This court agrees.

In order to prevail on a motion brought under Rule 59(e), a party must clearly establish either a manifest error of law or fact or must present newly discovered evidence. See Sigworth v. City of

Aurora, Ill., 487 F.3d 506, 512 (7th Cir. 2007), citing LB Credit Corp. v. Resolution Tr. Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). Rule 59(e) motions serve a narrow purpose and are not intended to serve as a vehicle to re-litigate old matters. Stanley v. Posner, 2009 WL 3230320, at *2 (S.D. Ill. 2009), citing Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). "Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." Stanley, 2009 WL 3230320, at *2, citing Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.), 125 B.R. 963, 977 (N.D. Ill. 1990). A district court's rulings on a party's Rule 59(e) motion are reviewed for an abuse of discretion. Sigworth, 487 F.3d at 511; Zivitz v. Greenberg, 279 F.3d 536, 539 (7th Cir. 2002).

This court, in its Opinion (#152), exhaustively discussed the history of this case, the evidence presented at the bench trial, and the arguments of the parties. This court considered the public interest when it ruled on Plaintiff's request for a permanent injunction and considered all of Defendant's arguments when it ruled that Plaintiff was entitled to recover all of the attorney's fees it incurred in this case. This court concludes that Defendant, in its Rule 59(e) motion, has not clearly established a manifest error of law or fact, nor has it presented newly discovered evidence. Defendant simply does not agree with this court's rulings in this case, beginning with this court's ruling that Plaintiff was entitled to summary judgment as to liability. Defendant's dissatisfaction with this court's rulings, old and new, is not a sufficient basis for relief under Rule 59(e). Accordingly, Defendant's Motion (#157) is DENIED in its entirety.

## ATTORNEY'S FEES

As previously noted, this court has ruled that Plaintiff is entitled to recover all of the attorney's fees it incurred in this litigation from Defendant. This court therefore allowed Plaintiff 30 days to file an affidavit setting out the total amount of attorney's fees incurred in this case. On

September 17, 2009, Plaintiff filed its Declaration of Final Claim for Attorney's Fees (#154). Plaintiff provided documentation, including the declaration of Attorney James E. Peckert and billing records, that it incurred attorney fees and costs in the total amount of $139,840.77. In his Declaration, Attorney Peckert stated that a reasonable and customary hourly rate was charged for the legal services provided to Plaintiff. Attorney Peckert also stated that the number of hours and hourly rates were reasonable and that the hours of legal services rendered to Plaintiff were necessary. In addition, Attorney Peckert stated that Plaintiff incurred $7,834.52 in costs and expenses related to the litigation which "were incurred necessarily" and were reasonable in scope and amount.

Attorney Peckert stated that he deducted $4,698.92 from the total amount of $139,840.77 for the attorney's fees already paid by Defendant based upon this court's previous orders awarding sanctions in favor of Plaintiff and against Defendant.[1] He also stated that he deducted $1,237.50 for amounts which were redacted as "services related to matters which [Plaintiff] ultimately decided not to pursue against [Defendant]." Plaintiff therefore sought the total amount of $133,904.35 from Defendant for its attorney's fees and costs.

On October 1, 2009, Defendant filed its Response to Declaration of Final Claim for Attorney's Fees (#159). Defendant stated that it was not making any specific objection to any of the itemized requests for attorney's fees, but noted that it had contested this court's award of attorney's fees in its Motion to Alter and Amend. Defendant stated that it incorporated those arguments as part of its response to Plaintiff's final claim for attorney's fees. This court notes that

---

[1] This court notes that Plaintiff is correct that additional sanctions were imposed on Defendant but this court deferred its determination of the proper amount of attorney's fees to award as a result of Defendant's sanctionable misconduct. Because this court has awarded Plaintiff all of its attorney's fees, there is no need for an additional determination of the amount of attorney's fees resulting from the conduct this court previously found sanctionable.

it has already rejected those arguments.

Defendant also objected to Plaintiff's request for $7,834.52 in costs and expenses because some of the costs requested are not recoverable under Rule 54(d) of the Federal Rules of Civil Procedure and because Plaintiff did not submit its request for costs on Form AO-133. This court rejects this argument as well. In this case, this court has ruled that Plaintiff is entitled to recover the attorney's fees incurred in this case under the Lanham Act. This court concludes that the attorney's fees recoverable under the Lanham Act include the costs and expenses necessarily incurred during the course of this litigation. Therefore, Plaintiff is not seeking costs under Rule 54(d) and the requirements for obtaining an award of costs under that Rule do not apply in this case.

Because Plaintiff has adequately documented the attorney's fees and costs it reasonably incurred in this litigation and this court has rejected Defendant's arguments in response to Plaintiff's Final Claim for Attorney's Fees, this court awards attorney's fees and costs to Plaintiff in the total amount of $133,904.35.

## MOTIONS FOUND MOOT

### 1. SUSPEND FINALITY OF JUDGMENT

On September 30, 2009, Defendant filed a Motion to Suspend Finality of Judgment on the Merits Pending Decision of Attorney's Fee Motion (#156). Although Defendant's Motion was far from clear, it appeared that Defendant was concerned that a final appealable order would be entered by this court, by ruling on Defendant's Motion under Rule 59(e), before a decision was made on an award of attorney's fees. On October 9, 2009, Plaintiff filed its Response and stated that it opposed Defendant's request that this court somehow "suspend" the finality of a judgment on the merits until a decision was reached on Plaintiff's request for attorney's fees. Plaintiff stated, however, that it had no objection to this court ruling on Plaintiff's request for reimbursement of attorney's fees at

the same time as it ruled on Defendant's Rule 59(e) Motion. That is exactly what this court has done in this Opinion. Therefore, Defendant's Motion (#156) is DENIED as moot.

## 2. MOTION TO WITHDRAW

On October 26, 2009, Defendant filed a Motion to Withdraw Motion for Partial Stay of Injunction (#166). Defendant stated that it "believed" at the time it filed its Motion for Partial Stay of Injunction that the alteration of its user's manual required the approval of the FDA. Defendant stated that, beginning September 21, 2009, it has substituted a new package insert for the package insert it had used previously and "has now confirmed with all the distributors that all packages shipped by distributors after September 21, 2009 have substituted photocopies of the new insert for the old insert." Defendant stated that there was no further need for a partial stay of the injunction and asked to withdraw its previously filed motion.

On October 27, 2009, Plaintiff filed It Response (#167). Plaintiff pointed out that, in its Motion for Partial Stay, Defendant attached a declaration from Dr. Hsiao that Defendant's statement that "[a]lteration of the package insert requires approval from the [FDA]" was "true and correct." Plaintiff further pointed out that Defendant has now asserted that it could alter the language of its package insert without prior approval from the FDA. Plaintiff noted that this was not the first time in this litigation that Defendant has made false statements to this court and then changed its position without informing the court of the obvious falsity of the original statement (in this instance Dr. Hsiao's false declaration) or the reasons therefor. Plaintiff argued that while Defendant's Motion to Withdraw "certainly lends little credence to the relief sought previously by [Defendant]," both motions should be denied as lacking any merit whatsoever.

This court agrees with Plaintiff's arguments. This court has already denied Defendant's Motion for Partial Stay and now concludes that Defendant's Motion to Withdraw Motion for Partial

8

Stay of Injunction (#166) must be DENIED as moot.[2]

PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS

On October 9, 2009, Plaintiff filed a Motion to Strike Declaration of Paul E. Adami and Motion for Sanctions (#163). Plaintiff stated that, on December 16, 2008, Plaintiff and Defendant attended a settlement conference before United States Magistrate Judge David G. Bernthal. Plaintiff stated that both parties were assured that matters discussed in the settlement conference were confidential and would not be disclosed. This court notes that it is the practice in this court that all matters discussed during a settlement conference are kept entirely confidential and are not disclosed.

Plaintiff further stated that Defendant attached the Declaration of its attorney, Paul E. Adami, to its Memorandum in Support (#158) of its Rule 59(e) Motion to Alter or Amend a Judgment. In his Declaration, Attorney Adami stated that, at the settlement conference, Plaintiff's representatives refused to settle unless Plaintiff received certain relief. Defendant relied upon this Declaration in arguing that Plaintiff should not be allowed to recover all of its attorney's fees because it was not successful as to all of its requests for relief and improperly prolonged the litigation. Plaintiff stated that "the Adami Declaration is false." Plaintiff also stated that it "necessarily takes the position that affidavits or declarations in opposition to the Adami Declaration, to the extent based upon matters taking place during any settlement conference before Magistrate Judge Bernthal, are improperly considered by the District Court." Plaintiff stated that, if this court disagreed, it "respectfully requests leave to submit counter-affidavits and/or counter-declarations to show the falsity of the Adami Declaration."

In its Motion to Strike and for Sanctions, Plaintiff asked this court to strike the Adami

---

[2] This court reaches the same conclusion regarding Defendant's Motion for Leave to File Reply (#168) and Motion to Waive Requirement for Filing of Memorandum of Law (#169), both of which were filed on November 6, 2009.

9

Declaration because it is in violation of Rule 408 of the Federal Rules of Evidence. Plaintiff also asked this court to impose sanctions under 28 U.S.C. § 1927 because the filing of the Adami Declaration constitutes an unreasonable and vexatious multiplication of the proceedings sufficient to warrant an award of costs, including attorney's fees, to Plaintiff.

On October 26, 2009, Defendant filed its Response to Motions to Strike and for Sanctions (#165). Defendant, astoundingly, stated that Plaintiff "did not file any counter-affidavit" to rebut the statement in the Adami Declaration and urged this court to consider the Adami Declaration in ruling on Plaintiff's request for attorney's fees. Defendant also argued that various exceptions to Rule 408 apply under the circumstances here.

Rule 408 excludes evidence of "conduct or statements made in compromise negotiations regarding the claim" which is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . . ." Fed. R. Evid. 408(a)(2); Patton v. Keystone RV Co., 2007 WL 315095, at *1 (N.D. Ind. 2007). However, Rule 408 does not exclude evidence offered for any other purpose, such as to prove a witness's bias or prejudice or to negate a contention of undue delay. Patton, 2007 WL 315095, at *1, citing Fed. R. Evid. 408(b). One of the purposes of Rule 408 "is promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408, 1972 Committee Notes; see also Zurich Am. Ins. v. Watts Indus., Inc., 417 F.3d 682, 689 (7th Cir. 2005) (the "primary policy reason for excluding settlement communications is that the law favors out-of-court settlements").

This court first notes that Defendant's argument that this court should consider the Adami Declaration because Plaintiff "did not file any counter-affidavit" is an example of Defendant's "selective" reading throughout the course of this litigation. If Defendant would rather not recognize or deal with a problem in this litigation, it has simply ignored it or pretended it did not occur. In

fact, Plaintiff stated in <u>very</u> clear terms that the Adami Declaration was false and explained that it did not file a counter-declaration because of its belief that such a counter-declaration would involve matters which occurred during the settlement conference which should not be considered by this court. This court, obviously, does not find Defendant's argument on this point factual or persuasive.

This court further concludes that the Adami Declaration must be stricken as it is not admissible under Rule 408. In this case, the sole purpose of the Adami Declaration was to provide a basis for arguing the invalidity of Plaintiff's claim for attorney's fees and to dispute the amount of the attorney's fees requested. This court concludes that this fits squarely under the Rule's prohibition. This court further notes that it is not the practice of this court to ever consider anything said or offered during a settlement conference when ruling on matters in pending litigation because of its desire to maintain the confidentiality so important to settlement negotiations.

This court also concludes that sanctions are warranted against Defendant and in favor of Plaintiff. Plaintiff stated that it gave Defendant the opportunity to withdraw the Adami Declaration, an opportunity Defendant refused. Because of Defendant's refusal, Plaintiff was required to file its Motion to Strike and for Sanctions. This court therefore concludes that Plaintiff is entitled to recover the attorney's fees it incurred in response to Defendant's refusal to withdraw the Adami Declaration.    IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Partial Stay of Injunction (#155) is DENIED.

(2) Defendant's Motion to Suspend Finality of Judgment on the Merits Pending Decision of Attorney's Fee Motion (#156) is DENIED as moot.

(3) Defendant's Rule 59(e) Motion to Alter or Amend a Judgment (#157) is DENIED in its entirety.

(4) Plaintiff is awarded attorney's fees in the total amount of $133,904.35.

(5) Plaintiff's Motion to Strike Declaration of Paul E. Adami and Motion for Sanctions (#163) is GRANTED. Defendant is ordered to pay Plaintiff the attorney's fees it incurred in filing its Motion to Strike and for Sanctions. Plaintiff is allowed fourteen (14) days to submit an affidavit setting out the attorney's fees incurred in filing its Motion to Strike. Defendant is allowed seven (7) days to file objections to the reasonableness of the fees sought.

(6) Defendant's Motion to Withdraw Motion for Partial Stay of Injunction (#166) is DENIED as moot.

(7) Defendant's Motion for Leave to File Reply to the Responses of the Plaintiff to Defendant's Motion for Partial Stay of Injunction and Motion to Withdraw Motion for Partial Stay of Injunction (#168) is DENIED as moot.

(8) Defendant's Motion to Waive Requirement for Filing of Memorandum of Law in Support of Reply (#169) is DENIED as moot.

ENTERED this 16th day of November, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE